UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| RICAHRD PADGETT, | ) | |
| | ) | |
|     Plaintiff, | ) | Civil No. 5:16-cv-394-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| WAL-MART STORES EAST, | ) | **MEMORANDUM OPINION AND ORDER** |
|     LIMITED PARTNERSHIP | ) | |
| | ) | |
|     Defendant. | ) | |

\*\*\*\*\*

This matter is before the Court on Defendant's Motion for
Summary Judgment [DE 24]. Plaintiff responded [DE 33], Defendant
replied [DE 49], and this motion is now ripe for review. For the
reasons stated below, Defendant's motion will be granted.

**Factual Background**

On May 1, 2015, Plaintiff Richard Padgett visited Walmart
Store #3894, located at 2350 Grey Lag Way, Lexington, Kentucky to
do some shopping. He arrived using a walker to assist in his
mobility. He dropped off the walker at the service desk near the
store entrance, obtained an electronic shopping cart, and rode in
it to the men's restroom near the front of the store. Plaintiff
left the electronic shopping cart outside the men's restroom and
went inside, walking without the assistance of a walker or cart.
Plaintiff used the handicapped-accessible stall while standing up,
flushed the toilet, exited the stall, and proceeded towards the

1

exit when he fell "face first" onto the bathroom floor.  Plaintiff

admits he did not see any liquid or object on the floor, or any

defect with the floor prior to his fall.  Plaintiff did not feel

any liquid on the floor with his hands; however, when he was on

the emergency medical services (EMS) stretcher, he observed a damp

spot on his pants about the size of a softball.  Plaintiff argues

this proves there was liquid on the floor which was absorbed onto

his pants, and that it was that liquid which caused him to slip

and fall.  Defendant argues Plaintiff simply fell, likely as a

result of his unsteadiness/preexisting health problems or

hyperglycemia.  Defendant argues there was no liquid on the floor,

and supports this with photographs of the dry restroom floor after

the incident and a witness statement that Plaintiff "simply lost

his balance and fell."  [DE 24, Ex. 3 and 7].  Plaintiff had

extensive medical treatment after the fall, which Plaintiff

attributes to the fall.  Defendant largely attributes the medical

treatment to other causes, such as Plaintiff's diabetic foot ulcer,

which predated the fall.

### Applicable Law

Defendant removed this case to federal court based on

diversity jurisdiction.  28 U.S.C. § 1332.  Accordingly, Kentucky

substantive slip-and-fall law applies in this case.  Federal law

governs the procedural aspects of this case, including the summary

judgment standard.  *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)

("federal courts are to apply state substantive law and federal procedural law."); *See also Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  If there is a dispute over facts that might affect the outcome of the case under governing law, then entry of summary judgment is precluded. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The moving party has the ultimate burden of persuading the court that there are no disputed material facts and that he is entitled to judgment as a matter of law.  *Id.*

Once a party files a properly supported motion for summary judgment by either affirmatively negating an essential element of the non-moving party's claim or establishing an affirmative defense, "the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'"  *Id.* at 250 (quoting Fed. R. Civ. P. 56(e)).  "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Id.* at 252.  In determining whether the "evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law[,]" the

Court must review the facts and draw all reasonable inferences in favor of the non-moving party. *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989); *Anderson*, 477 U.S. at 255).

Regarding the substantive Kentucky law, this case presents a claim based on premises liability, which requires a plaintiff to prove: "(1) a duty owed by the defendant to the plaintiff, (2) breach of that duty, (3) injury to the plaintiff, and (4) legal causation between the defendant's breach and the plaintiff's injury." *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky. 2012).

With respect to the element of duty, Kentucky courts use a burden-shifting approach. *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431 (Ky. 2003).

> Under *Lanier,* the customer retains the burden of proving that: (1) he or she had an encounter with a foreign substance or other dangerous condition on the business premises; (2) the encounter was a substantial factor in causing the accident and the customer's injuries; and (3) by reason of the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees.

*Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 98 (Ky. 2003). If Plaintiff can so prove, there is a rebuttable presumption of negligence and the burden shifts to Wal-Mart to prove the absence of negligence by showing that it exercised reasonable care in

4

maintaining its premises. *Id*. To succeed on its motion for summary judgment, Defendant must demonstrate there is no genuine issue of material fact regarding one of the elements of Plaintiff's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

**Analysis**

The first two elements of Plaintiff's claim under the *Lanier* burden-shifting scheme are at issue in this case. Defendant, using Plaintiff's deposition testimony, argues there was no dangerous condition giving rise to liability. [DE 24, p. 8]. Defendant correctly points out that Plaintiff testified he found the restroom clean, did not see any liquid or tripping hazard on the floor, did not feel any liquid on the floor with his hands, and no one told him there was any liquid on the floor. [DE 24, p. 8, and Ex. 1, Deposition of Plaintiff, pp. 72-95]. Defendant notes Plaintiff's extensive medical history prior to the fall, which included incontinence, Parkinson's disease, gait disturbance, and foot drop. [DE 24, p. 6 and Plaintiff's medical record, Ex. 4]. Defendant's theory of the case is that Plaintiff is an elderly man, unsteady on his feet, who had a toileting mishap prior to exiting the stall, and upon walking back to the exit without an assistance device, fell due to his unsteadiness and/or other medical conditions.

Plaintiff, on the other hand, argues he testified there was "something damp on the floor" that "took [his] legs out from under

[him]." [*Id*. at pp. 76 and 94-96]. Plaintiff testified he first noticed a damp spot on the exterior portion of his right pant leg after the fall. Although Plaintiff uses a walker and an electric scooter, prior to the fall he was able to walk in stores, at least some distances, without assistance devices. [*Id*. at p. 111]. Plaintiff states he entered the restroom and used it without his walker, left the stall, and fell. After falling, Plaintiff says he saw a damp spot on his pants that he did not see prior to the fall, and *that this spot on his pants was from liquid which caused his fall*.

Plaintiff's entire case depends on the jury believing Plaintiff that the wet spot on his pants appeared only after the fall, and concluding that it therefore came from the floor. This is not necessarily a far logical leap, although the Court can imagine numerous alternate explanations for the liquid on Plaintiff's pants. However, there is a dearth of evidence or testimony that the liquid on his pants was the *cause of the fall*. Assuming, *arguendo*, that there was liquid on the floor that ultimately transferred to Plaintiff's pants (there is, in fact, no evidence to support this factual allegation), a jury would have to make a *second* logical leap and assume this same small spot of liquid—which was not see by Plaintiff or any other witness in evidence before or after the accident—was the same liquid which *caused* Plaintiff to slip, completely lose his footing and fall all

the way to the ground.  There are only two statements in the

entirety of the evidence before the Court that possibly suggest

any liquid on Plaintiff's pants was also the cause of his fall:

> Q: Do you know, one way or the other, Mr.
> Padgett, what caused your fall?
>
> A: There was something damp on the floor.
>
> Q: How do you know that?
>
> A: Well it took my legs out from under me, and
> – I had a stain on my pants.

DE 24, Ex. 4, Deposition of Plaintiff, p. 76, ll. 2-8.

> Q: Okay. Was there any particular color to the
> dampness you noticed on your pants?
>
> A: No, it was just damp.
>
> Q: Do you have any knowledge, Mr. Padgett,
> about what the source of that dampness was?
> What liquid it was?
>
> A: No. I didn't see it until I slipped on it.
>
> Q: So you didn't observe the dampness until
> after your incident?
>
> A: Right.

[DE 24, Ex. 4, Deposition of Plaintiff, p. 95, ll. 24-25 and

p. 96, ll. 2-8.] These statements, read in the context of all of

Plaintiff's testimony about his incident, are no more than a

speculative "scintilla" of evidence that he slipped on liquid on

the floor of the Wal-Mart bathroom.  In the quote above, it appears

counsel and Plaintiff are talking about the dampness on Plaintiff's

pants (not any liquid on the floor), though the wording is unclear.

Plaintiff states he did not see the liquid "until [he] slipped on it[,]" which might imply that he saw liquid on the floor; however, it is clear from the follow-up question and answer this is not what Plaintiff meant.  Counsel asks "you did not observe the dampness until after your incident?"  Plaintiff responds, "right." Furthermore, Plaintiff repeatedly testified that he did not see or feel liquid on the floor at any time before or after his fall. For example:

> Q: At any point, when you were in the restroom, did you actually see any type of liquid on the floor?
>
> A: No.
>
> . . .
>
> Q: Are you aware of any facts, based on what you personally observed, that there was any liquid or dampness on the floor before you went into the stall?
>
> A: Not that I am aware of.
>
> . . .
>
> Q: After your incident, did you observe liquid or dampness anywhere other than your pants?
>
> A: No. And I only observed that on my pants when I got on the stretcher.
>
> . . .
>
> Q: So it wasn't until after you got on the stretcher that you observed that there was some sort of  --
>
> A: I think that's right.

8

Q: dampness on your pants; is that correct?

A: I think so.

. . .

Q: Okay. And did you feel any sort of dampness on the floor with your hands when you were sitting – or when you were lifting yourself up, or however you said it?

A: It was just cold. I – don't remember any dampness in the – my hands.

[DE 24, Ex. 4, Deposition of Plaintiff, p. 76, ll. 17-10; p. 79, ll. 17-20; p. 83, ll. 3-14; p. 97, ll. 8-9].

Considering all of the evidence in the record, in the light most favorable to Plaintiff, Plaintiff's argument requires a jury to engage in not only logical leaps, but mental gymnastics to find in favor of Plaintiff at trial. No reasonable jury could do so.

The Court finds this case to be very similar to the Western District of Kentucky case cited by Defendant, in which Plaintiff maintained a "speculative hypothesis" about grease transferring to her shoe and ultimately causing her fall, but had no actual evidence to support her claim. *Smith v. Shake*, 2016 WL 4180002, at *3 (W.D. Ky. Aug. 5, 2016). Like the plaintiff in Smith, who saw nothing unusual on the bathroom floor where she fell, Plaintiff repeatedly testified he did not see or feel any liquid on the bathroom floor, and there is no evidence such liquid existed. Plaintiff has speculated there *must have been* liquid on the floor because he found liquid on his pants, and further surmised, without

9

evidence, that this liquid *must have been* the cause of his fall. As Judge Russell stated, "such speculation is insufficient to create a genuine issue of material fact[.]" *Id.* (citing *Jones v. Abner*, 335 S.W.3d 471, 475–76 (Ky. Ct. App. 2011) and *Hazley v. Wal-Mart Stores E., L.P.*, 2014 WL 5366115, at *3–4 (W.D. Ky. Oct. 21, 2014)).

## Conclusion

For the reasons stated in this memorandum opinion and order, Plaintiff's claims will be dismissed with prejudice and judgment will be entered in favor of Defendant. The Court being sufficiently advised, **IT IS ORDERED** that Defendant's Motion for Summary Judgment [DE 24] is **GRANTED**.

This 15th day of September, 2017.



Signed By:
_Joseph M. Hood_
Senior U.S. District Judge